## SACRAMENTO SUBURBAN FRUIT LANDS COMPANY, a Corporation, Appellant, v. Harry Justice CURTIS, Appellee.

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5673.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Arthur C. Huston, of Woodland, Cal., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. This case is similar to Sacramento Suburban Fruit Lands Co. v. Melin (C. C. A. No. 5671), 36 F.(2d) 907, this day decided.

The defendant requested the following instruction:

"The essence of a cause of action for deceit consists in the fact that the false representations were made with intent to deceive, such intent being a necessary element to constitute actual fraud."

The request was refused, and instead thereof the court gave the following instruction:

"A false representation, to be actionable, must be untrue, of course, in the first place, and it must be made with the intent that the other party to the transaction, the plaintiff here, rely upon it, and he must believe it, and by it be induced to act to his prejudice. Otherwise there is no fraud.

"Now it stands, of course, uncontradicted, and the only reasonable view to take, that when the defendant issued this pamphlet, it issued it to prospective customers in order to impress them with the truth of what it was saying, and in order to induce in them a belief in its truthfulness, and in order to persuade them to act accordingly and buy its lands, if that is the case, and if the representation is false, that is the only thing that is required to make out a case of fraud. It is not necessary that the defendant might have maliciously thought, 'We will deprive this plaintiff of his money by falsehood and by not giving him the proper equivalent for it.' Not at all. If they intended to make these representations, and of course they did, for the purpose of influencing him, and of course they did, to secure his belief in it, which they did, and to induce him to act upon it, which they intended to do, then they intended to commit the fraud within the only meaning that the law requires that there should be an intent to commit the fraud charged."

Appellant took exception to the refusal and also to the instruction given. The latter exception is meager, but, under the circumstances shown, there can be no doubt that the court understood the ground thereof. The issue of law was sharply and narrowly drawn. We have discussed the question at some length in the Melin Case, supra, and, in harmony with the conclusion there reached, the judgment must be reversed.